REED *v.* REED.

(No. 5665—Decided
April 13, 1987.)

Court of Common Pleas of Preble
County, Juvenile Division.

*A. L. Ross III,* for plaintiff Alan
Devon Reed.
*M. William Terrell,* for defendant
Marilyn Reed.

DYE, J. On the tenth of July 1986, plaintiff herein filed a complaint seeking custody of James Reed, child of the parties. The defendant filed an answer and a counterclaim, and other pleadings have been filed in this proceeding.

As it appears that the Family Court of Providence, Providence, Rhode Island, may have jurisdiction over the question of custody of James Reed, this court did, in accordance with the Uniform Child Custody Jurisdiction Act (R.C. 3109.21 to 3109.36) on October 27, 1986, communicate with that court to determine whether or not that court wished to stay its proceedings so that this court could determine custody.

Such communication with the Rhode Island court was made by letter and by sending a copy of the entry of October 27; a copy of the letter is attached to this entry and made a part of the record of this case.

When this court received no reply by December 30, 1986 the Providence court was contacted by telephone. The Chief Judge of that court said that he would have the trial judge return the call on the following Monday. No return call was received.

In March, further attempt was made to communicate by telephone with the court in Providence; the exact date of that attempted telephone communication was not noted. However, a note dated March 4, 1987 at 12:45 p.m., states that a judge of that court would call at 9:00 o'clock a.m. the following day to discuss this case. No call was received.

It has now been ten months since this case was filed, and almost six months since the initial communication with Rhode Island. No effective response has been received from that court, no meaningful communication, and certainly no determination by the Providence court as to whether or not it wishes to stay its proceedings.

The Uniform Child Custody Jurisdiction Act, and specifically R.C. 3109.24, does not address the situation that has arisen in this case, namely that an out-of-state court apparently acquired jurisdiction over the custody issue prior to the filing of the instant case, and yet fails or refuses to make a determination of whether that proceeding should be stayed.

How long should this court wait for that determination? R.C. 3109.24, as applied to this case, stays this proceeding; is it stayed forever? That issue is not addressed in R.C. 3109.24.

For the statutory scheme of determination of custody to be workable at all, this court is of the opinion that the stay prohibition of R.C. 3109.24 must

be interpreted to mean "stayed for a reasonable time, until the out-of-state court either acts, or has had adequate opportunity to act." Obviously, a determination of custody cannot be delayed forever because of the inaction of some official over whom this court has no control.

It is the determination of this court that six months is a more than adequate time for a determination by the Rhode Island court as to whether or not Rhode Island wishes to stay its proceeding, and that court having failed to make that determination, the decision of whether or not to proceed with this case is left to this court.

In the opinion of this court, ideally the determination of custody should be made in the jurisdiction that has the greatest contact with both parents and the child, and that is normally the last jurisdiction wherein the parties resided together for any appreciable time.

Applying that criterion to the instant case, and it appearing from the pleadings and from uncontroverted information set forth in the affidavits of both of the parties, that the parties last resided together in Preble County, that they resided together in southern Preble County and northern Butler County for several years, the court finds that Preble County is an appropriate jurisdiction for the determination of custody.

This matter is set for full hearing for Tuesday, the ninth of June 1987, at 9:00 o'clock a.m.

*Stay dissolved.*